**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

OLGA GARCIA DEMETRIO; L. A.
P.-G.; J. G. P.-G.; M. D. L. A. P.-G.,

*Petitioners*,

v.

TODD BLANCHE, Acting Attorney
General,

*Respondent*.

No. 25-991

Agency Nos.
A245-428-672
A245-428-673
A245-428-674
A245-428-675

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2025
Portland, Oregon

Filed July 20, 2026

Before: M. Margaret McKeown and Jennifer Sung, Circuit
Judges, and Sidney A. Fitzwater, District Judge.[*]

Opinion by Judge McKeown

---

[*] The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

**SUMMARY**[**]

**Immigration**

Granting Olga Garcia Demetrio's petition for review of the Board of Immigration Appeals' denial of asylum and withholding of removal, and remanding, the panel held that the Board erred in concluding that Garcia's proposed particular social group was not legally cognizable based solely on the ground that age is not an immutable characteristic and in applying an incorrect standard of review to the issue of nexus between the harm she experienced and her membership in a particular social group.

In contravention of its own precedent, *see Matter of S-E-G-*, 24 I. & N. Dec. 579 (BIA 2008), the Board held that Garcia's proposed particular social group ("PSG") comprised of "mothers of adolescent children living in Mexico" was non-cognizable for lack of immutability because Garcia's status as a mother of adolescent children will change as the children age. The panel held that age-based PSGs are "immutable" as a matter of law, because asylum applicants cannot alter their age to escape persecution. That does not mean that all age-based PSGs are cognizable: any given age-based PSG may lack sufficient particularity or social distinction. Although age changes over time, the age of the asylum applicant at the time that persecution took place (or might take place in the future) is the relevant age for the purpose of defining a PSG. And because age-based PSGs are immutable, so too are PSGs

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

defined by an immutable relationship to a young or adolescent child.

The panel held that the Board also erred by applying the wrong standard of review—clear error, rather than de novo—when affirming the immigration judge's finding that there was no nexus between Garcia's proposed PSG of "single women targeted by criminal groups in Mexico," and her past persecution.

The panel remanded to the Board for reconsideration of the cognizability of Garcia's age-based PSG and for application of the correct standard of review to its nexus determination concerning her gender-based PSG.

## COUNSEL

Shannon J. Murphy (argued) and Destiny Soto, Quiroga Law Office PLLC, Spokane Valley, Washington, for Petitioners.

Jeffery R. Leist (argued), Senior Litigation Counsel; Raya Jarawan, Jessica D. Strokus, and Alexander J. Lutz, Trial Attorneys; Anthony C. Payne, Assistant Director; Office of Immigration Litigation; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

McKEOWN, Circuit Judge:

Olga Garcia Demetrio and her three derivative-applicant minor children ("Garcia"), citizens of Mexico, petition from the Board of Immigration Appeals' (BIA's) dismissal of their appeals seeking asylum and withholding of removal. In contravention of its own precedent, *see Matter of S-E-G-*, 24 I. & N. Dec. 579, 583–84 (BIA 2008), the BIA held that Garcia's proposed particular social group (PSG) comprised of "mothers of adolescent children living in Mexico" was non-cognizable for lack of immutability because Garcia's "status as a mother of adolescent children will change as the children age." We hold that age is sufficiently immutable to define a cognizable PSG. We stress, however, that a given age-based PSG may be found non-cognizable for failure to be defined with particularity, or for failure to be socially distinct within the society in question. *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

The BIA also applied the incorrect standard of review in its evaluation of Garcia's proposed PSG of "single women targeted by criminal groups in Mexico," an error that warrants remand. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551–53 (9th Cir. 2023). We grant the petition for review and remand for further proceedings.

## BACKGROUND

In October 2023, Garcia and her children fled to the United States from their home in Ciudad Altamirano, Guerrero, Mexico, after becoming targets of a criminal group. One month earlier, Garcia's husband disappeared

without trace or explanation. Garcia reported this disappearance to local authorities, who failed to investigate despite her follow-ups. Her husband remains missing.

After learning that her husband had disappeared, two men showed up at Garcia's residence. The men told Garcia's aunt, with whom Garcia lived, that they were government officials who wished to speak with Garcia about her eligibility for financial assistance programs for single mothers. The men left instructions for Garcia to attend a follow-up appointment the next day at an office in the city center.

When Garcia arrived at the office, she was confronted by four masked men, armed with rifles and wearing vests. They refused to let Garcia leave. The men told Garcia that they wanted to "take [her] girl and [her] boy to work with them" because they knew that Garcia was alone. The men planned to use her son to sell and traffic drugs, and said that her daughter might sell drugs or be raped. The men told her that she had two days to consider their offer or they would kill Garcia and her children. Garcia went home, collected her children, and immediately fled, taking a bus to Mexico City. She left without reporting the incident to the police; she wanted to "run as far as possible because [she] had fear that they could kill [her] and [her] three children." Criminal organizations in Mexico routinely force adolescents to sell and transport drugs on their behalf, and adolescent girls are particularly at risk of sex trafficking.

On November 4, 2023, Garcia and her children entered the United States through the Nogales port of entry. She sought asylum upon arrival.

Garcia applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

After a hearing, the Immigration Judge (IJ) issued an oral decision denying all relief. Garcia appealed to the BIA, which dismissed her appeal. The BIA did not reach the IJ's adverse credibility determination and instead affirmed the IJ's denial of Garcia's claims on the merits.

Garcia claimed asylum and withholding of removal because of her and her children's membership in two PSGs: mothers of adolescent children living in Mexico, and single women targeted by criminal groups in Mexico. The BIA summarily disposed of each PSG, holding that the first group was non-cognizable for lack of immutability, and that the IJ had not clearly erred in finding that Garcia's persecution lacked a nexus to her membership in the second group. The BIA also denied CAT protection, affirming the IJ's finding that Garcia and her children could safely relocate within Mexico.[1]

## ANALYSIS

To establish eligibility for asylum and withholding of removal, Garcia must prove that she was "harmed, or threatened with harm, on account of a protected ground." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022). One such protected ground is membership in a "particular social group." 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum); 1231(b)(3)(A) (withholding of removal). The BIA defines a "particular social group" as one that is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*,

---

[1] Garcia did not challenge the agency's denial of CAT protection in her petition for review with this court. Accordingly, she has abandoned that issue, and we do not address it here. *Perdomo v. Holder*, 611 F.3d 662, 665 n.3 (9th Cir. 2010).

26 I. & N. Dec. at 237; *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076–77 (9th Cir. 2020) (describing the history of the BIA's interpretation of the phrase "particular social group"). Applicants for relief have broad discretion to define the contours of their proposed PSGs. But if a proposed PSG lacks sufficient immutability, particularity, or social distinction, the PSG is legally non-cognizable, and relief may not be granted on account of an applicant's membership in that group.

## I. Garcia's Particular Social Group Regarding Mothers of Adolescent Children Living in Mexico

The BIA held that Garcia's proposed PSG of "mother[s] of adolescent children living in Mexico" was non-cognizable solely for lack of immutability. The agency explained that "the respondent's status as a mother of adolescent children will change as the children age." That categorical legal conclusion, which we review de novo, would wipe out all age-based PSGs. *See Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020) (reviewing de novo the legal question of PSG cognizability).

In so holding, the BIA contravened its own precedent because one's age—or the age of one's child—is not within an applicant's ability to control. In *Matter of S-E-G-*, the BIA grappled directly with the cognizability of age-based PSGs—there, a proposed PSG of "Salvadoran youths who have resisted gang recruitment" and their family members:

> We agree with the Immigration Judge that "youth" is not an entirely immutable characteristic but is, instead, by its very nature, a temporary state that changes over time. The mutability of age is reflected in

> this case by the fact that the male respondents are now 18 years old, and the female respondent is 21. Therefore, the respondents are no longer considered "children," as that term is commonly understood. In saying this, however, we acknowledge that the mutability of age is not within one's control, and that if an individual has been persecuted in the past on account of an age-described particular social group, or faces such persecution at a time when that individual's age places him within the group, *a claim for asylum may still be cognizable.*

24 I. & N. Dec. at 583–84 (emphasis added). Here, the BIA, with no citation to *Matter of S-E-G-* or to any other precedent, declared that Garcia's PSG lacked—and therefore that all age-based PSGs lack—immutability as a matter of law.[2] That was error.

We no longer defer to agency interpretations of statutes, including in the immigration context. *Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1086 (9th Cir. 2025) (discussing the effect of *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)). But "*Loper Bright* allows us to continue to look to agency interpretations for guidance, recognizing that the agency's body of experience and informed judgment may give those interpretations the power to persuade." *Id.* (citation modified). The weight we afford agency

---

[2] The BIA expressly affirmed the IJ's oral decision, but only as to the PSG's lack of immutability. Because the BIA did not "explicitly rel[y]" upon them, the IJ's alternative findings that the PSG lacked particularity and social distinction are not before us. *Diaz-Reynoso*, 968 F.3d at 1075 (quoting *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016)).

interpretation "depend[s] upon the thoroughness evident in its consideration, the validity of its reasoning, [and] its consistency with earlier and later pronouncements," among other factors. *Lopez v. Garland*, 116 F.4th 1032, 1039 (9th Cir. 2024) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). Here, the agency's longstanding understanding of "immutability" and prior agency guidance are persuasive.

Since 1985, the BIA has defined "immutability" as a trait that "the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 212 (BIA 2014) (quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987)). Adopting that definition, age is therefore "immutable," even if it changes over time, because applicants for asylum "cannot change" their age at the time of persecution. *See id.*; *see also In re Kasinga*, 21 I. & N. Dec. 357, 366 (BIA 1996) ("The characteristic[] of being a 'young woman' . . . cannot be changed.").

Publicly available training material from the U.S. Citizenship and Immigration Services' Refugee, Asylum, and International Operations Directorate (USCIS-RAIO) also adopts this definition of "immutability," and instructs immigration officers to "consider the immutability of age at the time of the events of past persecution or at the time the applicant expresses a fear of future persecution." USCIS-RAIO Directorate, *Nexus—Particular Social Group Training Module* at 24 (revised April 24, 2024), https://perma.cc/7FR9-T699. "[T]raining materials sent to immigration enforcement officials" constitute internal agency "guidance," *Refugee & Immigrant Ctr. For Educ. &*

*Legal Servs. v. Mullin*, 174 F.4th 81, 96 (D.C. Cir. 2026), to which we may afford *Skidmore* deference, *Alaska Oil and Gas Ass'n v. Pritzker*, 840 F.3d 671, 681 (9th Cir. 2016).

Other circuits, too, have accepted this view of immutability. Sitting en banc, the Seventh Circuit, in *Cece v. Holder*, 733 F.3d 662, 671–72 (2013), held that the "traits of being young, female, and living alone in Albania" were each "immutable or fundamental" and formed a cognizable PSG. Likewise, the Fourth Circuit concluded that age-based PSGs were "readily cognizable" because "at any given moment when being targeted by some persecutor, a person cannot change the fact that they are 'young.'" *Garcia v. Garland*, 73 F.4th 219, 230 (2023). The Third Circuit has held that "youth *alone*" is insufficiently immutable to form the basis of a PSG, *Escobar v. Gonzales*, 417 F.3d 363, 367 (2005) (emphasis added), but it has also held that "shared experience[s] of abduction, persecution, and escape at a time when [a petitioner] was a child" can form the basis of a cognizable PSG, *Lukwago v. Ashcroft*, 329 F.3d 157, 178 (2003) (recognizing a PSG of former child soldiers). These decisions are each consistent with longstanding BIA precedent and with international understandings of asylum law. *See* Deborah E. Anker, *Law of Asylum in the United States* § 5:63 (2026 ed.).

No prior published opinion of our court has squarely determined whether age is (or is not) a sufficiently immutable characteristic such that it can undergird a cognizable PSG as a matter of law. Notably, we have previously upheld age-based PSGs without discussion of immutability. *See Mohammed v. Gonzales*, 400 F.3d 785, 798 (9th Cir. 2005) (upholding the PSG "young girls in the Benadiri clan"); *Tchoukhrova v. Gonzales*, 404 F.3d 1181, 1188 (9th Cir. 2005) (holding that "Russian disabled

children and their parents" is a cognizable PSG), *vacated on other grounds*, 549 U.S. 801 (2006). The BIA's ruling in this case—which would undermine, if not invalidate those PSGs for lack of immutability—is in serious tension with our published precedent.

Unfortunately, we have not been consistent in our application of the immutability test to age-based PSGs in our unpublished dispositions. Sometimes, we have ruled that age-based PSGs are immutable. *See, e.g.*, *Lezama-Mejia v. Garland*, 2024 WL 194182, at *2–3 (9th Cir. Jan. 18, 2024). But in other cases, we have held—without elaboration—that age-based or youth-based PSGs are categorically mutable, and therefore, noncognizable. *See, e.g.*, *Rojas-Osegueda v. Bondi*, 2025 WL 1895321, at *1 (9th Cir. July 9, 2025); *Mejia Lopez v. Bondi*, 2025 WL 972976, at *1 (9th Cir. Apr. 1, 2025); *Estella v. Wilkinson*, 847 Fed. App'x 432, 434–35 (9th Cir. 2021).

It is important to bring clarity and consistency to our review of asylum claims involving age-based or youth-based PSGs. We hold that age-based PSGs are "immutable" as a matter of law, because asylum applicants cannot alter their age to escape persecution. That does not mean that all age-based PSGs are cognizable: any given age-based PSG may lack sufficient particularity or social distinction. *Matter of M-E-V-G-*, 26 I. & N. Dec. at 237. Although age changes over time, the age of the asylum applicant at the time that persecution took place (or might take place in the future) is the relevant age for the purpose of defining a PSG. And because age-based PSGs are immutable, so too are PSGs defined by an immutable relationship to a young or adolescent child. *See Tchoukhrova*, 404 F.3d at 1190 ("[J]ust as their children's disabilities are 'immutable,' so is a parent's relationship to a disabled child.").

We therefore grant Garcia's petition for review and remand to the BIA for reconsideration of the cognizability of her age-based PSG.

## II. Garcia's Particular Social Group Regarding Single Women Targeted in Mexico

The BIA also erred by applying the wrong standard of review when affirming the IJ's finding that there was no nexus between Garcia's proposed PSG of "single women targeted by criminal groups in Mexico," and her past persecution.[3]  We review de novo whether the BIA applied the correct standard of review. *Soto-Soto v. Garland*, 1 F.4th 655, 659 (9th Cir. 2021).

The BIA wrote that it "[did] not find clear error in the Immigration Judge's finding that the respondent was not targeted by the criminal group on account of her membership in the group."  But our precedent dictates that the BIA must review de novo the IJ's nexus determination. *Umana-Escobar*, 69 F.4th at 551–52.  We therefore remand so the BIA can apply the proper standard. *Id.* at 553; *see also Ridore v. Holder*, 696 F.3d 907, 919 (9th Cir. 2012) (remanding to the BIA for failure to apply the correct legal standard).

**PETITION GRANTED.**[4]  We remand to the BIA for further proceedings consistent with this opinion.

---

[3] Although Garcia did not raise this issue in her opening brief, we "may exercise discretion to consider a waived issue in certain cases," including "when the issue presented is a pure question of law." *Wong v. Flynn-Kerper*, 999 F.3d 1205, 1214 n.11 (9th Cir. 2021) (quoting *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995)).

[4] The motion to stay removal (Dkt. No. 3) is granted.